# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# ST. LOUIS DIVISION

| | |
|---|---|
| **THERESA HAMMER** | ) |
| | ) |
| Plaintiff, | ) Case: 4:24-cv-00105 |
| | ) |
| v. | ) |
| | ) |
| **THE POST 4, LLC,** | ) |
| | ) |
| Defendant. | ) Jury Trial Demanded |
| | ) |

## COMPLAINT

Plaintiff, Theresa Hammer ("Plaintiff"), by and through the undersigned counsel, hereby files this Complaint against The Post 4, LLC ("Defendant"), and in support states as follows:

## NATURE OF PLAINTIFF'S CLAIMS

1. This lawsuit arises under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-5 *et seq*. ("Title VII") seeking redress for Defendant subjecting Plaintiff to sexual harassment, Defendant's discrimination on the basis of Plaintiff's sex, and Defendant's retaliation against Plaintiff for engaging in protected activity under Title VII.

2. This lawsuit further arises under the Missouri Human Rights Act, Mo. Rev. Stat. §213.010 *et seq*., as amended ("MHRA") for Defendant subjecting Plaintiff to sexual harassment, Defendant's discrimination on the basis of Plaintiff's sex, and Defendant's retaliation against Plaintiff for engaging in protected activity pursuant to the MHRA.

## JURISDICTION AND VENUE

3. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331. This action is authorized and instituted pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C.

§2000e-5 *et seq*.

4. Venue of this action properly lies in the Northern District of Illinois, Eastern Division, pursuant to 42 U.S.C. §2000e-5(f)(3) and 28 U.S.C. §1391(b) insofar as Defendant operates and transacts business in this judicial district and the events giving rise to Plaintiff's claims occurred within this District.

5. This Court has pendent jurisdiction and supplementary jurisdiction of Count II, IV, and VI through 28 U.S.C. §1367.

**ADMINISTRATIVE PREREQUISITES**

6. All conditions precedent to jurisdiction under §706 of Title VII, 42 U.S.C. §2000e-5, have occurred or been complied with.

7. A charge of employment discrimination on basis of sex, sexual harassment, and retaliatory discharge was filed by the Plaintiff with the Equal Employment Opportunity Commission ("EEOC") and the Missouri Commission on Human Rights ("MCHR") (attached hereto as Exhibit "A").

8. Plaintiff received a Notice of Right to Sue from the EEOC and the MCHR (attached hereto as Exhibit "B" and Exhibit "C"), and Plaintiff filed this lawsuit within ninety (90) days of Plaintiff's receipt of the EEOC's Notice of Right to Sue.

**PARTIES**

9. At all times material to the allegations of this Complaint, Plaintiff, Theresa Hammer resided in St. Louis County in the State of Illinois.

10. At all times material to the allegations in this Complaint, Defendant, The Post 4, LLC was a limited liability company doing business in and for St. Charles County whose address is 6472 Ronald Reagan Boulevard, Lake Saint Louis, MO 63367.

11.     Plaintiff was employed by Defendant as an "employee" within the meaning of 42 U.S.C §2000e(f).

12.     During the applicable limitations period, Defendant has had at least fifteen employees, has been an "employer" as defined by Title VII, and has been engaged in an industry affecting commerce within the meaning of Title VII, 42 U.S.C. §2000e(b).

13.     During the applicable limitations period, Defendant has had at least six employees, has been an "employer" as defined by MHRA, MO Rev. Stat. §213.001(8).

## BACKGROUND FACTS

14.     Plaintiff began working for Defendant in or around May 2022 as a general manager until her unlawful termination on or around January 22, 2023.

15.     Plaintiff met or exceeded Defendant's performance expectations during the entire duration of her employment.

16.     Plaintiff is female and is a member of a protected class because of her sex.

17.     Throughout the entire duration of her employment, Defendant has subjected Plaintiff to different terms and conditions of employment than others not within her protected class and has been subjected to a hostile work environment on the basis of sex in violation of Title VII and the MHRA.

18.     Plaintiff was the only female general manger—all five other managers at Defendant's St. Charles County location were male.

19.     In or around May 2022, when Plaintiff was hired by Defendant, she was informed that all general managers are required to undergo company-mandated training.

20.     Despite constant requests for this training over the next eight months, Defendant refused to train Plaintiff as it did her male counterparts.

21. During the period of May 2022 until January 2023, Defendant's District Manager, Joe Futrell (male) continued to assign Plaintiff to perform tasks which required this specialized training, including scheduling and ordering.

22. While Plaintiff was qualified for her general manager position and had performed such tasks in her prior employment, Defendant neglected to provide Plaintiff her required training in order to carry out these responsibilities.

23. Even in spite of Defendant's failure to train Plaintiff for her position, she never received negative feedback or was disciplined for poor performance.

24. In or around October 2022, a new, male general manager was hired by Defendant.

25. Without regard to Plaintiff's pleas for her required training, Defendant trained the new male general manager without delay.

26. All general managers (all male) with the exception of Plaintiff (female) received this required training, with Defendant going even so far as to place Plaintiff exclusively on the night shift where training was unavailable.

27. This demonstrates Defendant's workplace culture of favoritism for male employees over those within Plaintiff's protected class, female.

28. In addition to the above, Plaintiff was subjected to sexual harassment on account of her sex, female.

29. Throughout her employment, Plaintiff was constantly subjected to disparate remarks by male managers and subordinates on the basis of her sex.

30. Plaintiff was consistently referred to as a "girl" and told, "[i]f you have to cry, this is because you are a girl."

4

31. Even more, Defendant's male agents and employees informed Plaintiff that, "[y]ou are being treated this way because you are a girl," referring to the fact that she has been neglected her training.

32. This culture favoring males in Defendant's workplace came to a boiling point in or around January 2023.

33. In or around January 2023, Plaintiff was up for a pay raise in line with company policies.

34. However, on or around January 8, 2023, Plaintiff was informed by Defendant's Operating Manager, Dave Sindeja (male) that she was being demoted, moved to another store, and would be receiving a $5,000 pay cut.

35. Plaintiff was shocked when she learned of this, as she had never received negative feedback regarding her work and was the only manager (and only female manager) being demoted.

36. It was only during Plaintiff's formal performance evaluation on or around January 11, 2023 that she was informed by Defendant that the reason for her demotion was the fact that she had not completed her required training, the same training Defendant refused to provide.

37. Defendant's roundabout reasoning for treating Plaintiff differently on the basis of her sex and demoting her for the purported reason that she had not completed her training demonstrates clear discriminatory animus in violation of Title VII and the MHRA.

38. Plaintiff, frustrated and disappointed with the treatment she was experiencing, rejected Defendant's demotion on or around January 22, 2023.

39. Defendant responded by completely removing Plaintiff from the schedule,

5

effectively terminating Plaintiff's employment on or around January 22, 2023.

40. Plaintiff was retaliated against and her employment was ultimately terminated for opposing unlawful discrimination and for exercising her protected rights.

41. Plaintiff consistently protested her disparate treatment and harassment on the basis of her sex to Defendant's upper management.

42. Plaintiff was targeted for termination because of her sex and reporting of illegal activity.

43. Plaintiff suffered multiple adverse employment actions including, but not limited to, being demoted and terminated.

44. There is a basis for employer liability for the sexual harassment that Plaintiff was subjected to.

45. Plaintiff can show that she engaged in statutorily protected activity –a necessary component of her retaliation claim- because Plaintiff lodged complaints directly to her managers about the harassment.

## COUNT I
### Violation of Title VII of the Civil Rights Act
### (Sex Harassment)

46. Plaintiff repeats and re-alleges paragraphs 1-45 as if fully stated herein.

47. By virtue of the conduct alleged herein, Defendant engaged in unlawful employment practices and subjected Plaintiff to sex harassment in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq*.

48. Plaintiff is a member of a protected class under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq.*, due to Plaintiff's sex, female.

49. Defendant knew or should have known of the harassment.

6

50. The sex harassment was severe or pervasive.

51. The sex harassment was offensive subjectively and objectively.

52. The sex harassment was unwelcomed.

53. Defendant acted in willful and/or reckless disregard of Plaintiff's protected rights.

54. As a direct and proximate result of the sex harassment described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

## COUNT II
### Violation of the Missouri Human Rights Act, MO Rev. Stat. §213.010 *et seq.*
### (Sexual Harassment)

55. Plaintiff repeats and re-alleges paragraphs 1-45 as if fully stated herein.

56. By virtue of the conduct alleged herein, Defendant engaged in unlawful employment practices and subjected Plaintiff to sex harassment, in violation of the Missouri Human Rights Act, MO Rev. Stat. §213.010 *et seq.* ("MHRA").

57. Plaintiff is a member of a protected class under the MHRA, MO Rev. Stat. §213.010 *et seq.* due to her sex, female.

58. Plaintiff was subjected to unwelcome sex harassment

59. Defendant knew or should have known of the harassment and failed to take proper remedial action.

60. Plaintiff's gender, female, was a contributing factor in the harassment.

61. The harassment that Plaintiff was subjected to affected a term, condition, or privilege of her employment as described above.

62. Defendant acted in willful and/or reckless disregard of Plaintiff's protected rights.

63. As a direct and proximate result of the sex harassment described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

**COUNT III**
**Violation of Title VII of the Civil Rights Act of 1964**
**(Sex-Based Discrimination)**

64. Plaintiff repeats and re-alleges paragraphs 1-45 as if fully stated herein.

65. By virtue of the conduct alleged herein, Defendant intentionally discriminated against Plaintiff based of Plaintiff's sex in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq*.

66. Plaintiff met or exceeded performance expectations.

67. Plaintiff was treated less favorably than similarly situated employees outside of Plaintiff's protected class.

68. Defendant demoted and terminated Plaintiff's employment on the basis of Plaintiff's sex.

69. Plaintiff is a member of a protected class under Title VII due to Plaintiff's sex.

70. Defendant acted in willful and/or reckless disregard of Plaintiff's protected rights.

71. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

**COUNT IV**
**Violation of the Missouri Human**
**Rights Act, MO Rev. Stat. §213.010** *et seq.*

**(Sex-Based Discrimination)**

72. Plaintiff repeats and re-alleges paragraphs 1-45 as if fully stated herein.

73. By virtue of the conduct alleged herein, Defendant intentionally discriminated against Plaintiff based of Plaintiff's sex, in violation of the Missouri Human Rights Act, MO Rev. Stat. §213.010 *et seq.* ("MHRA").

74. Plaintiff met or exceeded performance expectations and was qualified to perform her job.

75. Plaintiff was treated less favorably than similarly situated employees outside of Plaintiff's protected class.

76. Defendant failed to train Plaintiff, demoted Plaintiff's employment, and terminated Plaintiff's employment on the basis of Plaintiff's sex.

77. Plaintiff is a member of a protected class under the MHRA, MO Rev. Stat. §213.010 *et seq.*, due to Plaintiff's sex.

78. Defendant acted in willful and/or reckless disregard of Plaintiff's protected rights.

79. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

## COUNT V
### Violation of Title VII of the Civil Rights Act
**(Retaliation)**

80. Plaintiff repeats and re-alleges paragraphs 1-45 as if fully stated herein.

81. Plaintiff is a member of a protected class under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq.*

9

82. During Plaintiff's employment with Defendant, Plaintiff reasonably complained to Defendant about sex harassment and/or sex-based discrimination.

83. As such, Plaintiff engaged in protected conduct and was protected against unlawful retaliation by Defendant under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq.*

84. In response to Plaintiff's complaint, Defendant continued to subject Plaintiff to unlawful sex-based discrimination, including failing to train her, demoting her employment, and ultimately terminating Plaintiff on the basis of her engagement in protected activity.

85. Plaintiff's suffered an adverse employment action in retaliation for engaging in a protected activity.

86. By virtue of the foregoing, Defendant retaliated against Plaintiff, thereby violating Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq.*

87. Defendant acted in willful and/or reckless disregard of Plaintiff's protected rights.

88. As a direct and proximate result of the retaliation described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

## COUNT VI
### Violation of the Missouri Human Rights Act, MO Rev. Stat. §213.010 *et seq.*
### (Retaliation)

89. Plaintiff repeats and re-alleges paragraphs 1-45 as if fully stated herein.

90. Plaintiff is a member of a protected class under the Missouri Human Rights Act MO Rev. Stat. §213.010 *et seq.* ("MHRA") on the basis of disability.

91. During Plaintiff's employment with Defendant, Plaintiff reasonably complained to

Defendant about conduct that constituted sex-based discrimination.

92. As such, Plaintiff engaged in protected conduct and was protected against unlawful retaliation by Defendant under the MHRA, MO Rev. Stat. §213.010 *et seq.*

93. In response to Plaintiff's complaint, Defendant continued to subject Plaintiff to unlawful sex-based discrimination, including failing to train her, demoting her employment, and ultimately terminating Plaintiff on the basis of her engagement in protected activity.

94. Plaintiff has suffered adverse employment action in retaliation for engaging in protected activity.

95. By virtue of the foregoing, Defendant retaliated against Plaintiff based on Plaintiff's constant complaints of sex discrimination, thereby violating the MHRA, MO Rev. Stat. §213.010 *et seq.*

96. Defendant's retaliatory conduct toward Plaintiff illustrated a willful and/or reckless violation of the IHRA.

97. As a direct and proximate result of the above-alleged willful and/or reckless act of Defendant, Plaintiff has suffered of a pecuniary and non-pecuniary nature, humiliation, and degradation, including mental anguish, distress humiliation, and loss of enjoyment of life.

**RELIEF REQUESTED**

WHEREFORE, Plaintiff demands judgment against Defendant as follows:

    a. Back pay and benefits;

    b. Interest on back pay and benefits;

    c. Front pay and benefits;

    d. Compensatory damages for emotional pain and suffering;

    e. Pre-judgment and post-judgment interest;

      f.      Injunctive relief;

      g.      Liquidated damages;

      h.      Punitive damages;

      i.      Reasonable attorney's fees and costs; and

      j.      For any other relief this Court may deem just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests that all issues be submitted to and determined by a jury.

Dated this 19th day of January, 2024.

*/s/ Mohammed O. Badwan*
**MOHAMMED O. BADWAN, ESQ.**
MO Bar No.: 6299011
**SULAIMAN LAW GROUP LTD.**
2500 S. Highland Avenue, Suite 200
Lombard, Illinois 60148
Phone (630) 575-8180
Fax (630) 575 - 8188
mbadwan@sulaimanlaw.com
*Attorney for Plaintiff*