## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | | |
|---|---|---|
| THERESA HAMMER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:24-cv-00105-MTS |
| | ) | |
| THE POST 4, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

After Plaintiff filed her Complaint, Defendant requested additional time "to answer or otherwise plead to Plaintiff's Complaint." Doc. [6]. The Court granted the Motion, giving Defendant through March 21, 2024, to "file its responsive pleading." Doc. [7]. But on March 21, Defendant filed a "Partial Motion to Dismiss," Doc. [14], along with its "Answer and Affirmative Defenses to Counts III and IV," Doc. [13]. A motion to dismiss is a motion; it is not a pleading. Fed R. Civ. P. 7(a) (providing an exhaustive list of pleadings); *id.* at 7(b) (describing motions and other papers); *see also Stringfellow v. Perry*, 869 F.2d 1140, 1143 (8th Cir. 1989) (noting the "answer, not the motion to dismiss, is the responsive pleading"); *Winfrey v. Brewer*, 570 F.2d 761, 764 n.4 (8th Cir. 1978). Thus, Defendant did not have the Court's leave to file the Partial Motion to Dismiss since Defendant only asked for and received additional time to *plead*.

Beyond that issue is the irregularity of Defendant's filings. To be fair, it is not settled whether service of a Rule 12(b) motion directed at only parts of a pleading enlarges the period of time for answering the remaining portions of the pleading. *See* 5B

Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1346 (4th ed.). However, the "better view—supported by the weight of the limited authority on this point—is that the filing of a motion that only addresses part of a complaint suspends the time to respond to the entire complaint, not just to the claims that are the subject of the motion." *Id.* In other words, the typical practice in the situation Defendant confronted is to file the motion to dismiss and then file an answer after the Court rules on the motion. *See* Fed. R. Civ. P. 12(a)(4) (explaining how "serving a motion under this rule alters" the time to serve a responsive pleading).

In any event, Defendant filed its Answer "to Counts III and IV" *before* it filed its Partial Motion to Dismiss. Even if Rule 12 allowed for piecemeal responses like these, the Rule is clear that a "motion asserting any of [the Rule 12(b)] defenses must be made before pleading if a responsive pleading is allowed." Fed. R. Civ. P. 12(b). Thus, even if one construed Rule 12 to allow a litigant to file a partial motion to dismiss and a partial answer, the Rule does not allow a litigant to file an answer first followed by a motion to dismiss, which is exactly what Defendant did here.[*]

For these reasons,

---

[*] There is an exception to this Rule, motions to dismiss for lack of subject matter jurisdiction. *See Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011) ("Objections to subject-matter jurisdiction, however, may be raised at any time."); Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Defendant's Partial Motion to Dismiss does say that it seeks dismissal of some of the claims based on the Court's "lack of subject matter jurisdiction." Doc. [14]; *accord* Doc. [15] at 3. But puzzlingly, it also says it brings the Motion under Rule 12(b)(6), not Rule 12(b)(1). Doc. [14]; *accord* Doc. [15] at 1. What is even more puzzling is Defendant's jurisdictional argument; it is flatly wrong. As the Supreme Court explained five years ago in a unanimous opinion, Title VII's charge-filing requirement is not jurisdictional. *Fort Bend Cnty. v. Davis*, 139 S. Ct. 1843, 1850–51 (2019). This Court plainly has subject matter jurisdiction over the claims at issue in the Motion. *Id.*; *see also* 28 U.S.C. § 1331.

- 3 -

**IT IS HEREBY ORDERED** that Defendant's Partial Motion to Dismiss, Doc. [14], is **DENIED**. Defendant shall file its responsive pleading no later than **Wednesday, April 24, 2024**.

Dated this 17th day of April 2024.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE